LILKA B. MARTINEZ (SBN 272576)
WEINER MARTINEZ, LLP
5176 Hillsdale Circle, Suite 100
El Dorado Hills, CA 95762
Telephone: (916) 288-8820
Facsimile: (916) 288-8820
lilka@weinermartinez.com

Attorney for Plaintiff
JEFFREY A. JURGENS, JR.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. JURGENS, JR. <br><br> Plaintiff, <br><br> v. <br><br> California Highway Patrol Officer M. DUBENDORF (Badge # 18286), in his individual capacity; California Highway Patrol Officer S. NEWMAN (Badge # 18425); California Highway Patrol Officer BILLY J. SAUKKOLA (Badge # 18291); California Highway Patrol Officer K. WHITE (Badge # 18424); California Highway Patrol Sergeant S.A. DURYEE (Badge # 15584); and Does 1-10, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR DAMAGES** <br><br> Violation of Federal Civil Rights Statutes; Supervisory Liability; Punitive Damages; and Attorneys' Fees Requested <br><br> **JURY TRIAL DEMANDED** |

Plaintiff JEFFREY A. JURGENS, JR. complains and alleges as follows:

## I. INTRODUCTION

1. Plaintiff JEFFREY A. JURGENS, JR., was diagnosed as bipolar with schizoaffective disorder when he was 14 years old. In the early morning of Monday, December 10, 2012, JURGENS, age 21 at the time, was experiencing a psychotic break. While driving his car in downtown Sacramento, he came to the attention of Defendants California Highway Patrol (CHP) Officers, who activated their lights and sirens, and recorded the entire incident on an in-car camera video. JURGENS led them on a high-speed chase, which ended when JURGENS

1

came to a dead end street, stopped his car and gave up. JURGENS opened his door, and put his hands up in the air. At least six officers converged on JURGENS and began a coordinated attack. Officers struck JURGENS with a kick to his face, followed by fist and elbow strikes to JURGENS head and body. Officers repeatedly beat JURGENS through the driver's side door and the open sunroof. Other officers joined in and began to beat JURGENS through the passenger side door with their batons. One officer delivered at least 23 baton blows to JURGENS by the end of the beating. JURGENS was screaming and pleading for the officers to stop. JURGENS was then dragged from the car to the ground, and repeatedly beat and stomped on. One officer—from a standing position—dropped his entire body weight to the ground as he delivered knee strikes to JURGENS' head and upper body four separate times. JURGENS screams stopped, and his body laid motionless on the ground as two officers "high-fived" one another and congratulated each other for a job well done.  JURGENS weighs about 130 pounds soaking wet and was unarmed. Multiple officers appear to be over 6 feet tall and weighing over 200 pounds. JURGENS suffered a broken forearm, traumatic brain injury, and severe psychological trauma from the beating.

## II. JURISDICTION

2. This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. §§ 1983 and 1988, for violations of plaintiff's civil rights. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

## III. VENUE

3. Plaintiff's claims alleged herein arose in the County of Sacramento, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2).

## IV. STANDING

4. Under Federal Rule of Civil Procedure 17(c), Plaintiff JURGENS, who is gravely mentally disabled, brings this action by and through his mother and next friend, JOANNA JURGENS. Plaintiff JURGENS is not competent to bring this action on his own behalf. JOANNA JURGENS is willing and able to act as his next friend and will conduct this litigation at all times in the Plaintiff's interest.

## V. THE PARTIES

5. During all times mentioned in this Complaint, plaintiff JEFFREY A. JURGENS, JR. ("JURGENS"), was a resident of Sacramento County, California.

6. Defendant M. DUBENDORF (Badge # 18286) was at all times mentioned in this Complaint a highway patrol officer employed by the California Highway Patrol and acting under color of law. DUBENDORF is being sued in his individual capacity only.

7. Defendant S. NEWMAN (Badge # 18425) was at all times mentioned in this Complaint a highway patrol officer employed by the California Highway Patrol and acting under color of law. NEWMAN is being sued in his individual capacity only.

8. Defendant BILLY J. SAUKKOLA (Badge # 18291) was at all times mentioned in this Complaint a highway patrol officer employed by the California Highway Patrol and acting under color of law. SAUKKOLA is being sued in his individual capacity only.

9. Defendant K. WHITE (Badge # 18424) was at all times mentioned in this Complaint a highway patrol officer employed by the California Highway Patrol and acting under color of law. WHITE is being sued in his individual capacity only.

10. Defendant S.A. DURYEE (Badge # 15584) was at all times mentioned in this Complaint a highway patrol sergeant employed by the California Highway Patrol and acting under color of law. DURYEE is being sued in his individual capacity only.

11. The true names and capacities of defendants DOES 1 through 5 are presently unknown to plaintiff. Plaintiff alleges that each of defendants DOES 1 through 5 were employed as officers by the California Highway Patrol at the time of the conduct alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendants DOES 1 through 5 have been ascertained.

12. The true names and capacities of defendants DOES 6 through 10 are presently unknown to plaintiff. Plaintiff alleges that each of defendants DOES 6 through 10 were employed by the California Highway Patrol and the time of the conduct alleged herein. Plaintiff alleges that DOES 6 through 10 were responsible for the supervision and discipline of DUBENDORF, NEWMAN, SAUKKOLA and WHITE and encouraged and/or directed and/or

supervised and/or ratified those defendants to engage in the conduct alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendants DOES 6 through 10 have been ascertained.

13. Defendants, and each of them, to the extent they engaged in any acts or omissions alleged herein, engaged in such acts and/or omissions under color of state law.

## VI. FACTUAL ALLEGATIONS

14. At the time of the incident, Plaintiff JURGENS was a 21 year-old young man, approximately 6 ft. tall and weighed approximately 130 pounds. At the age of 14 he had been diagnosed as bipolar with schizoaffective disorder. In years prior to this incident, he had had a number of contacts with law enforcement for non-violent offenses.

15. As JURGENS cannot tell DUBENDORF, NEWMAN, SAUKKOLA, WHITE, or DOES 1 through 5 apart from one another, the following account will simply refer to "officers".

16. In the early morning of Monday, December 10, 2012, JURGENS was driving his car while experiencing a psychotic break. Officers activated their vehicle enforcement lights and siren. JURGENS led officers on a high-speed chase. The incident was recorded on an in-car camera video from one of the CHP patrol cars.

17. The chase ended when JURGENS came to a dead end street. JURGENS stopped his car in front of a wooden picket fence, opened the driver side door, twisted his torso to the left so his entire upper body could be seen, and put his hands up in the air.

18. The first two officers approached with guns drawn. One of them holstered his weapon. The second officer, with gun still drawn, struck JURGENS with a kick to JURGENS' face, followed by fist and elbow strikes to JURGENS face and body. The first two officers repeatedly beat JURGENS through the driver's side door and through the open sunroof. Another two officers joined in and began to beat JURGENS through the passenger side door with their batons. At one point officers on either side of the car tried to pull JURGENS out of opposite sides of the car at the same time. One officer delivered at least 23 baton blows to JURGENS by the end of the beating.

19. It appears that there were approximately six officers on the scene, although their identities cannot be confirmed at this time.

20. JURGENS was screaming and pleading for the officers to stop. JURGENS was then dragged from the car to the ground, where he continued to be beaten by officers. JURGENS attempted to shield his head with his arms to protect against the baton strikes.

21. The officers repeatedly beat and stomped on JURGENS as he lay on the ground. One officer—from a standing position—dropped his entire body weight to the ground as he delivered knee strikes to JURGENS' head and upper body four separate times.

22. At no point did JURGENS say or do anything to threaten the officers, or to resist the officers.

23. JURGENS laid motionless on the ground as two officers "high-fived" one another and congratulated each other for a job well done.

24. JURGENS weighs about 130 pounds soaking wet. Multiple officers appear to be over 6 feet tall and weighing over 200 pounds.

25. JURGENS suffered significant physical injury from the beating, including but not limited to a fractured forearm, traumatic brain injury, and required hospitalization. JURGENS also suffered, and continues to suffer, severe psychological trauma from the beating, including but not limited to post traumatic stress disorder.

26. At all times mentioned in this Complaint, DUBENDORF, NEWMAN, SAUKKOLA and WHITE, and DOES 1 through 5, knew or should have known that JURGENS was mentally incapacitated and/or suffered from emotional and/or psychological infirmities.

27. Prior to December 10, 2012, DUBENDORF, NEWMAN, SAUKKOLA and WHITE, and DOES 1 through 5, did not receive the appropriate training regarding correct CHP procedures and CHP tactics when dealing with mentally incapacitated persons, or persons with emotional and/or psychological infirmities.

28. Prior to December 10, 2012, DURYEE, and DOES 6 through 10, had been on notice of the problems inherent in dealing with mentally incapacitated persons, or persons with emotional and/or psychological infirmities, such as JURGENS.

29.     Prior to December 10, 2012, DURYEE, and DOES 6 through 10, intentionally or recklessly failed to remediate the recurrent issues associated with the conduct of CHP officers when dealing with mentally incapacitated persons, or persons with emotional and/or psychological infirmities, such as JURGENS.

30.     Prior to December 10, 2012, DURYEE, and DOES 6 through 10, intentionally or recklessly failed to rebuke, reprimand or discharge CHP officers for assaultive conduct that occurred within the scope of their employment.

31.     Defendants DUBENDORF, NEWMAN, SAUKKOLA and WHITE, and DOES 1 through 5, used excessive force on JURGENS.

32.     Defendants DURYEE, and DOES 6 through 10 failed properly supervise and discipline DUBENDORF, NEWMAN, SAUKKOLA and WHITE, and DOES 1 through 5 regarding their use of excessive force.

33.     At all material times the actions and omissions of each defendant were intentional, wanton and/or willful, reckless, malicious, which shocks the conscience, deliberately indifferent to JURGENS' rights, done with actual malice.

## VII. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Excessive Force**

**(Violation of 4th Amendment to the U.S. Constitution:**

**Actionable under 42 U.S.C. § 1983)**

*(Against Defendants DUBENDORF, NEWMAN, SAUKKOLA, WHITE, and DOES 1 through 5)*

34.     JURGENS realleges and incorporates by reference each allegation in all previous paragraphs above as if stated herein in this cause of action.

35.     JURGENS alleges that he was subjected to excessive force and/or the threat of excessive force at the orders of, and/or by Defendants DUBENDORF, NEWMAN, SAUKKOLA, WHITE, and DOES 1 through 5.

36.     Some of the Defendants were directly responsible for the use of illegal force upon JURGENS. Other Defendants stood by, had the opportunity and power to intervene and prevent

6

or stop the illegal force but did not, while others supported the illegal force either directly or by lending their presence and authority to use of illegal force.

37. The actions of the Defendants violated the civil rights of JURGENS secured to him via the 4th Amendment to the U.S. Constitution, and were a source of injury, loss, and harm to JURGENS.

38. The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages. Wherefore, plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

**Supervisory Liability /** *Larez*

**(Actionable under 42 U.S.C. § 1983)**

*(Against Defendant DURYEE and DOES 6 through 10)*

39. JURGENS realleges and incorporates by reference each allegation in all previous paragraphs above as if stated herein in this cause of action.

40. Defendants DURYEE and DOES 6 through 10 condoned, ratified, encouraged, ordered, and/or acquiesced in their subordinates' Fourth Amendment violations cited hereinabove.

41. Defendants were either on the scene or had personal involvement in the incidents leading to the current lawsuit, or had an opportunity to have personal involvement in the incidents.

42. Defendants demonstrated a deliberate indifference to, and/or a reckless disregard of JURGENS' constitutionally protected rights. They could have intervened and prevented the challenged unconstitutional conduct.

43. Defendants also caused JURGENS to be subjected to their subordinates' infliction of constitutional injuries. The causation occurred through 1) personal involvement in the constitutional deprivation and/or 2) causal connection between the supervisors' wrongful failure to act and to correct their subordinates and their constitutional violations.

44. The actions of the defendants violated the civil rights of the JURGENS secured to him via the Fourth Amendment to the U.S. Constitution, and were a source of injury, loss, and harm to JURGENS.

## THIRD CAUSE OF ACTION

**Supervisory Liability / Failure to Supervise, Investigate and Discipline**

**(Actionable under 42 U.S.C. § 1983)**

*(Against Defendant DURYEE and DOES 6 through 10)*

45. JURGENS realleges and incorporates by reference each allegation in all previous paragraphs above as if stated herein in this cause of action.

46. The aforementioned acts of the individually named defendants in unlawfully using excessive force on JURGENS and violating his constitutional rights occurred as a result of Defendants' failure to adequately supervise, investigate and discipline the use of excessive force by Officers DUBENDORF, NEWMAN, SAUKKOLA, WHITE, and DOES 1 through 5.

47. Defendants DURYEE and DOES 6 through 10's failure to supervise, investigate and discipline Officers' use of excessive force amounted to deliberate indifference to the rights and privileges of citizens to be free of excessive force.

48. The inaction of Defendants was a direct and proximate cause of the injuries suffered by JURGENS in that said defendants tacitly encouraged, ratified and/or approved of the violation of JURGENS' rights and/or failed to adequately investigate and discipline the use of excessive force to prevent the occurrence of the constitutional violations alleged above.

49. Defendants knew or should have known that such conduct was unjustified and would result in violations of JURGENS' constitutional rights.

50. As a direct and proximate result of the aforementioned practices of Defendants, JURGENS suffered injuries and damages as alleged herein.

///
///
///
///

## FOURTH CAUSE OF ACTION

### Conspiracy

### (Actionable under 42 U.S.C. § 1983)

*(Against Defendants DUBENDORF, NEWMAN, SAUKKOLA, WHITE, and DOES 1 through 5)*

51. JURGENS realleges and incorporate by reference each allegation in all previous paragraphs above as if stated herein in this cause of action.

52. JURGENS alleges that Defendants DUBENDORF, NEWMAN, SAUKKOLA, WHITE, and DOES 1 through 5 formed a combination of two or more persons acting in concert to commit an individual act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another.

53. Specifically, JURGENS alleges that Defendants combined to act in concert to use excessive force against him.

54. JURGENS further alleges that the Defendants then combined to cover up their misconduct, by making false statements to the emergency room staff and in their official reports so that the Defendants could avoid the legal consequences of their violations of JURGENS' civil rights.

55. JURGENS further alleges that the Defendants performed overt acts in furtherance of the conspiracy outlined herein, including the use of excessive force on JURGENS, who was a victim of Defendants' misconduct.

56. The Defendants functioned with a single plan, the essential nature and general scope of which was known to each Defendant who is to be held responsible for its consequences.

57. While some defendants engaged in the use of excessive force against JURGENS, other defendants watched the open breach of the law and acquiesced, doing nothing to seek its prevention.

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. On All Causes of Action, for general, special, and compensatory damages according to proof, for attorneys' fees and costs of suit, for interest on damages as authorized by law, and in addition thereto;
2. For punitive damages against individual Defendants in an amount according to proof;
3. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;
4. For interest on the sum of damages awarded;
5. For such other and further relief as the Court may deem just and proper.

Dated: November 25, 2014

          Respectfully Submitted,

          /s/ Lilka B. Martinez
          Lilka B. Martinez,
          Attorney for Plaintiff

**DEMAND FOR TRIAL BY JURY**

Plaintiff JEFFREY JURGENS, JR. hereby demands trial by jury.

Dated: November 25, 2014

          Respectfully Submitted,

          /s/ Lilka B. Martinez
          Lilka B. Martinez,
          Attorney for Plaintiff