UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. JURGENS, JR., | No. 2:14-cv-02780 KJM DAD |
| Plaintiff, | |
| v. | ORDER |
| California Highway Patrol Officer M. DUDENDORF (Badge #18286), et al., | |
| Defendants. | |

This matter is before the court on defendant Officer Duryee's motion to dismiss for failure to state a claim and for lack of standing. Defs.' Mot., ECF No. 9. Officer Duryee is joined in his motion by defendant Officers Dubendorf, Saukkola, Newman, and White. Joinder, ECF No. 11. Plaintiff opposes the motion, attaching a petition for appointment of guardian ad litem. Opp'n, ECF No. 13, 13-1. Defendants have replied. ECF Nos. 14 & 15. This matter is decided without a hearing. As explained below, the court GRANTS the motion with leave to amend and denies the petition for appointment of guardian ad litem without prejudice.

I.    ALLEGED FACTS

The following allegations are taken from plaintiff's complaint, filed on his behalf by his mother, Joanna Jurgens. Plaintiff Jeffrey Jurgens was diagnosed with bipolar and schizoaffective disorder when he was 14 years old. Compl. ¶ 1, ECF No. 1. California Highway

1

1  Patrol (CHP) officers observed plaintiff driving in downtown Sacramento on the night of
2  December 10, 2012.  *Id.*  At the time, plaintiff was 21 years old and "experiencing a psychotic
3  break."  *Id.*  Plaintiff led the officers on a high-speed chase through downtown and nearby
4  residential neighborhoods; the chase ended when plaintiff reached a dead-end street.  *Id.*  Plaintiff
5  surrendered, opening his car door and putting his hands in the air, at which point CHP officers
6  began a coordinated attack on him.  *Id.*  As a result, plaintiff suffered a broken hand, traumatic
7  brain injury, and severe psychological trauma, including but not limited to post-traumatic stress
8  disorder.  *Id.* ¶ 25.  The incident was recorded on an officer's in-car camera video.  *Id.* ¶ 16.
9       Plaintiff is currently in custody at the Sacramento County Jail on criminal charges
10 unrelated to the instant action.  Mot. at 3.

11 II.    PROCEDURAL BACKGROUND

12      Plaintiff's complaint, filed on November 26, 2014, contains four claims for
13 constitutional violations under 42 U.S.C. § 1983.  Compl. ¶¶ 34-57.  Joanna Jurgens asserts the
14 claims standing as a next friend to her son, relying on Federal Rule of Civil Procedure 17(c).  *Id.*
15 ¶ 4.  Ms. Jurgens alleges plaintiff is gravely mentally disabled and thus incompetent to bring this
16 action on his own behalf.  Opp'n at 3.  Defendants argue Ms. Jurgens has not met her burden to
17 show incompetency and lacks a court order appointing her as plaintiff's next friend as required by
18 Rule 17.  Mot. at 3.  Defendants further argue Ms. Jurgens lacks standing because she herself did
19 not suffer any type of injury or harm and because plaintiff is competent to bring an action on his
20 own behalf.  *Id.* at 4-6.  Plaintiff opposes the motion, but should it be granted, alternatively
21 requests that the court provide leave to amend the complaint to augment the allegations of
22 incompetency, or accept and approve her petition for appointment as guardian ad litem.  Opp'n at
23 3, Ex. 1.

24 III.   REQUEST FOR JUDICIAL NOTICE

25      Defendants request the court take judicial notice of the Sacramento County
26 Superior Court's minute order regarding plaintiff's 2012 plea.  Defs.' Req. for Jud. Notice (RJN),
27 Ex. A, ECF No. 10.  The court may take judicial notice of adjudicative facts not subject to
28 reasonable dispute.  *See* Fed. R. Evid. 201.  Moreover, a court "may take judicial notice of

'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal citation omitted). Plaintiff does not object to the request.

Defendants' request for judicial notice is GRANTED.

IV.     LEGAL STANDARD

Because the court resolves the motion on the basis of standing under 12(b)(1), it need not review the standard for a 12(b)(6) motion. "Those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). Unlike motions to dismiss for lack of statutory standing under Rule 12(b)(6), "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule 12(b)(1)." *Id.* (emphasis omitted)

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside their jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377-78 (1994). A Rule 12(b)(1) motion to dismiss for lack of jurisdiction may be either facial, where the inquiry is confined to the allegations in the complaint, or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a factual attack, as here, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *see McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (stating that in evaluating factual attacks, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction"). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## V. DISCUSSION

### A. Subject Matter Jurisdiction

Establishing Article III standing is the core prerequisite – "the irreducible constitutional minimum" – in any federal case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Though it has long been accepted as an alternative basis for jurisdiction, maintaining an action as a "next friend" does not waive a showing of the traditional elements of standing. "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). It is the putative next friend's burden to present "meaningful evidence" showing (1) "an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) dedication "to the best interests of the person on whose behalf he seeks to litigate." *Id.*

The Ninth Circuit has recognized "a per se rule" that a parent satisfies the second prong of the *Whitmore* test. *Vargas v. Lambert*, 159 F.3d 1161, 1168 (9th Cir. 1998). Here, plaintiff's complaint alleges that Joanna Jurgens is Jeffrey's mother. Absent evidence to the contrary, the court presumes her dedication to plaintiff's best interests. The one question remaining is whether plaintiff has presented meaningful evidence of Jeffrey Jurgens' incompetency. Meaningful evidence in the next friend context must be of such a nature as to indicate whether a plaintiff "has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation" or "whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees v. Peyton*, 384 U.S. 312, 314 (1966); *cf. Whitmore*, 495 U.S. at 165 (accepting competency showing where recent evidentiary hearing, questioning by trial court, and recent psychiatric interview suggested defendant had "knowing" and "intelligent" awareness of his situation); *Allen v. Calderon*, 408 F.3d 1150, 1152-54 (9th Cir. 2005) (allowing sworn declarations from pro se party and other inmates, treating physicians or psychologists, and medical records to be considered in competency evaluation). Neither a history of mental illness nor a previous determination of incompetency is sufficiently indicative of a plaintiff's current competency

1 status. *See Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1198 (9th Cir. 2001) (evidence of incompetency related to time period predating action was insufficient for purposes of establishing current status); *Hoang Minh Tran v. Gore*, No. 10CV2682, 2013 WL 878771, at *5 (S.D. Cal. Mar. 8, 2013) (documents showing history of mental illness including depression, schizophrenia, post-traumatic stress disorder, anxiety, suicide attempt, and treatment with medications, failed to "show that Plaintiff, in his current state and with his current medications, is incompetent").

The complaint in this case alleges that Jeffrey Jurgens was diagnosed as bipolar with schizoaffective disorder when he was 14 years old, Compl. ¶ 1, was experiencing a psychotic break on the night of December 10, 2012, *id.*, suffered a traumatic brain injury and severe psychological trauma as a result of defendants' actions, *id.*, and is gravely mentally disabled and not competent to bring this action here on his own behalf, *id.* ¶ 4. Defendants argue that plaintiff's 2012 plea in the criminal proceeding in Sacramento County Superior Court suggests plaintiff's competence for the purposes of maintaining a civil action on his own behalf. Mot. at 4. In so arguing, defendants' motion mounts a factual attack, based on the court records of which the court takes notice. The court also considers the declaration of Beau Weiner, plaintiff's criminal defense attorney in the state case, in determining whether Ms. Jurgens has met her burden of showing plaintiff's incompetency. Defendants do not oppose the declaration, but argue it is insufficient to support any inference of incompetency. *See* ECF Nos. 14, 15.

The minute order showing plaintiff's acceptance of a criminal plea is dated January 9, 2012. RJN, Ex. A. Even if this court were to agree with defendants that "[i]f Mr. Jurgens was competent enough [to accept a criminal plea] . . . it suggests that he would be competent enough to maintain a civil action on his own," the *Massie* case cited above is controlling. Just as a previous determination of incompetency is not indicative of a plaintiff's current status, a previous determination of competency is similarly deficient. *Massie*, 224 F.3d at 1198. Here, the state court's minute order records events from more than three years ago, in a boilerplate format; while the minute order form includes standard preprinted language saying plaintiff's plea was voluntary, it does not reflect that the judge even considered the issue or made

/////

1  an express finding of competency.  The minute order is not determinative of Jeffrey Jurgens'
2  current competency.

3  Beau Weiner's declaration references evaluations of the plaintiff conducted
4  between December 1, 2014 and March 18, 2015 under Penal Code § 1027, which provides for a
5  determination of Not Guilty By Reason of Insanity (NGRI).  Weiner Decl., ECF No. 13-1, Ex. A
6  at ¶¶ 2-3.  The declaration also states, "During my many attorney client visits with Plaintiff, on
7  multiple occasions the past few months I have observed him exhibit certain behaviors, which I
8  believe to be hallucinations."  Weiner Decl. ¶ 2.  In *Massie*, a journalist named Kroll sought to
9  establish next friend standing for the purposes of filing a motion for a stay of execution on
10 Massie's behalf.  *Massie*, 244 F.3d at 1195.  The appellate court affirmed the district court's
11 denial of Kroll's next friend petition because the evidence presented on Massie's incompetence
12 consisted of outdated medical records and a declaration by Kroll alleging Massie's "obvious
13 mental illness."  *Id.* at 1197.  The court found Kroll's "lay declaration" did not constitute
14 meaningful evidence, especially given that "Kroll [was] not a mental health expert."  *Id.*  Here,
15 although the Weiner declaration contains recent observations regarding plaintiff's mental health,
16 Weiner is not a mental health expert.  The NGRI evaluations referenced in his declaration have
17 not been submitted to the court, nor have any other medical documents.  Bare allegations of
18 incompetency, unsupported by current medical evaluations made by medical professionals, do not
19 constitute meaningful evidence under the *Whitmore* standard.  Ms. Jurgens has therefore not
20 provided an adequate explanation for plaintiff's inability to appear on his own behalf.  She lacks
21 standing as a next friend.

22  B.  Petition for Guardian Ad Litem

23  Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent
24 person who does not have a duly appointed representative may sue by a next friend or by a
25 guardian ad litem."  Fed. R. Civ. P. 17(c)(2).  Local Rule 202(a) provides that,

26  "Upon commencement of an action or upon initial appearance in
    defense of an action by or on behalf of a minor or incompetent
27  person, the attorney representing the minor or incompetent person
    shall present (1) appropriate evidence of the appointment of a
28  representative for the minor or incompetent person under state law

6

> or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person."

E.D. Cal. L.R. 202(a).  The local rule of course does not supersede Federal Rule of Civil Procedure 17.  The Ninth Circuit has stated, "Although the [district] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).  While the court is alert to the possibility plaintiff may not be able to represent himself, as set forth above, plaintiff has not yet made a satisfactory showing that no appointment is necessary and she may proceed as a next friend.  Therefore, the court considers the motion for an appointment of a guardian ad litem.

Federal Rule of Civil Procedure 17 governs the determination of a plaintiff's capacity, and provides that the process of a guardian ad litem's appointment is controlled by the law of the plaintiff's domicile.  Fed. R. Civ. P. 17(b).  In California, courts generally defer an appointment until after notice and a hearing, or look to whether an incompetent adult has consented to an appointment.  *See Golden Gate Way, LLC v. Stewart*, No. C 09-04458, 2012 WL 4482053, at *3 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1187-88 (2001)).  Though a formal noticed motion and hearing on the question of incompetency is not required in every case, "[a]t a minimum the court should make an inquiry sufficient to satisfy it that the [party] is, or is not, competent . . . .  The court's decision on this issue should be stated on the record." *Jessica G.*, 93 Cal. App. 4th at 1188.

This court recognizes the impact on a litigant's autonomy triggered by the appointment of a guardian ad litem.  *See id.* at 1186-87 (recognizing that appointment is "no small matter" given that a guardian is given "broad powers" to control the litigation).  As explained above, there is a dearth of evidence supporting a finding of plaintiff's incompetency, and no evidence suggests plaintiff is informed of or has consented to the appointment.  Notice to the plaintiff and a more developed factual record is required for the court to make a competency

determination before considering Ms. Jurgens' petition.  The court DENIES plaintiff's petition for appointment of a guardian ad litem, without prejudice.  Because standing is in doubt, the court does not reach the balance of defendant's motion.

VI. CONCLUSION

The motion to dismiss is GRANTED with leave to amend the complaint as to the allegations of incompetency.  The petition for appointment of a guardian ad litem is DENIED without prejudice.   Plaintiff is directed to file either an amended complaint consistent with this order or a second petition for appointment of a guardian ad litem within 30 days of entry of this order.  This order is without prejudice to defendants' renewing their 12(b)(6) motion once the operative pleadings are clarified as provided in this order.

IT IS SO ORDERED.

DATED: August 17, 2015.

_____
UNITED STATES DISTRICT JUDGE