1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY A. JURGENS, JR.,                    No.  2:14-cv-2780-KJM-DAD

12              Plaintiff,

13        v.                                     ORDER

14   California Highway Patrol Officer M.
     DUBENDORF, et al.,
15
               Defendants.
16

17

18              Plaintiff Jeffrey Jurgens Jr., born in 1991, moves to appoint his mother, Joanna

19   Jurgens, as his guardian ad litem in this case.  No party filed an opposition or statement of non-

20   opposition.  After considering the materials and arguments submitted with his request, as

21   announced from the bench on October 1, 2015, and for the following reasons, the court GRANTS

22   the motion.

23   I.        BACKGROUND

24              The court summarized the allegations of Jeffrey Jurgens's complaint in a previous

25   order.  *See* Order Aug. 17, 2015 (Prev. Order), ECF No. 17.[1]  In sum, he alleges he sustained

26   several injuries at the hands of the defendant California Highway Patrol officers following a high-

27   _____

28        [1] *Jurgens v. Dudendorf*, No. 14-02780, 2015 WL 4910536 (E.D. Cal. Aug. 17, 2015).

                                        1

speed chase.  *Id.* at 1–2.  He alleges four claims for constitutional violations under 42 U.S.C.

§ 1983.  Compl. ¶¶ 34–57, ECF No. 1.  Officer Duryee moved to dismiss, ECF No. 9, and in

opposition, Jeffrey Jurgens filed a petition to appoint his mother as guardian ad litem, ECF No.

13.  The court found Ms. Jurgens had not provided an adequate explanation of her son's inability

to appear on his own behalf and therefore found she lacked standing as a next friend.  Prev. Order

at 6.  The court also denied the petition to appoint Ms. Jurgens as her son's guardian ad litem

because the court had insufficient information to conclude he was incompetent or had given

consent, but did so without prejudice to this motion.  *Id.* at 7–8.

Several exhibits accompany the current motion.  The first includes a June 30, 2015

tentative order of the Sacramento County Superior Court in *People v. Jurgens*, No. 13F07880.

Mot. Ex. A, ECF No. 18-1.  The order documents that Jeffrey Jurgens, the plaintiff here, was

tentatively found not guilty by reason of insanity and was committed to Atascadero State

Hospital.[2]  *Id.* at 1.  The superior court adopted this tentative order as final on July 15, 2015, with

modifications not relevant here.  *Id.* at 2.

The second exhibit contains Jeffrey Jurgens's medical records from Atascadero

State Hospital.  Mot. Ex. B, ECF No. 18-2.  This exhibit is the subject of a request to file under

seal, which the court addresses more specifically below.

The third exhibit is Ms. Jurgens's declaration.  Mot. Ex. C, ECF No. 18-3.  She

declares that she is Jeffrey Jurgens's biological mother and has served as his primary caregiver

since he was born.  *Id.* ¶ 1–2.  She is familiar with his medical history and has worked as a

Clinical Supervisor for the University of California Davis Medical Group for seventeen years.  *Id.*

¶ 4.  She interacts and works with mentally ill patients.  *Id.*  She declares that Jeffrey Jurgens is

currently confined in the Atascadero State Hospital and for this reason in unable to personally

participate in his case.  *Id.* ¶ 5.  Before this case was filed, she spoke with him about "taking his

---

[2] The case included three charges: violation of California Vehicle Code section 10851(a)
(theft of a vehicle); violation of California Penal Code section 496d(a) (receiving a stolen
vehicle); and violation of Vehicle Code section 2800.2(a) (fleeing a pursuing police officer in a
vehicle).

1   place" and "speaking for him" in this lawsuit, and as the case has progressed, she has explained it

2   to him to the extent he can understand. *Id.* ¶ 7.  On September 15, 2015, she visited him again,

3   and with her was his criminal defense attorney, Beau Weiner.  Id. ¶ 8.  She explained "that the

4   judge wants to make sure that he knows that I am asking to be the person to take part in this

5   lawsuit on his behalf, and that he agrees with it." *Id.*  Jeffrey said he understood and agreed, and

6   signed a declaration to that effect, which is the fourth exhibit to the current motion. *Id.* ¶ 9.  Ms.

7   Jurgens believes she is able to prosecute this case on his behalf.  *Id.* ¶ 11.

8           The fourth exhibit, as noted above, is Jeffrey Jurgens's own declaration.  Mot.

9   Ex. D, ECF No. 18-4.  It documents his understanding that this case is pending against the

10  defendant officers, *id.* ¶ 3, that he understands his mother has moved to serve as his guardian ad

11  litem, *id.* ¶ 4, and that he consents to her appointment because he cannot leave the state hospital,

12  *id.* ¶¶ 5–7.

13          The final supporting exhibit is the declaration of Jeffrey Jurgens's father, Jeffrey

14  Jurgens Sr.  Mot. Ex. E, ECF No. 18-5.  Mr. Jurgens Sr. reports his awareness and approval of

15  Ms. Jurgens's motion to be appointed as his son's guardian ad litem, and he believes she will

16  defend his son's interests well.  *See generally id.*

17  II.     REQUEST TO SEAL

18          The common-law "right to inspect and copy judicial records is not absolute."

19  *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978).  A litigant may request court records

20  be sealed or redacted.  *See id.* (listing traditional examples).  In the Ninth Circuit, courts faced

21  with requests to seal or redact begin "with a strong presumption in favor of access to court

22  records."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

23  Ordinarily, the party seeking to seal or redact a document "bears the burden of overcoming this

24  strong presumption" by "articulating compelling reasons supported by specific factual findings

25  that outweigh the general history of access and the public policies favoring disclosure, such as the

26  public interest in understanding the judicial process."  *Kamakana v. City & Cnty. of Honolulu*,

27  447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135 and *Hagestad v. Tragesser*,

28  49 F.3d 1430, 1434 (9th Cir. 1995)) (quotation marks and alterations omitted).

1      The Ninth Circuit has held, however, that the traditional compelling-reasons

2 standard applies only "to dispositive pleadings, including motions for summary judgment and

3 related attachments." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136 and *San Jose*

4 *Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir.

5 1999)). Only "good cause" to withhold the information need be shown if the information in

6 question is attached to a non-dispositive motion. *Kamakana*, 447 F.3d at 1180. Although the

7 good-cause standard is less exacting than the compelling-reasons standard, *see id.*, the party

8 seeking to seal or redact a record must show what "specific prejudice or harm will result if no

9 protective order is granted," *Foltz*, 331 F.3d at 1130.

10      Here, the court need not decide whether the compelling reasons standard or the

11 good-cause standard applies to this motion; under either standard, the public interest in disclosure

12 of the medical records in question is outweighed by Jeffrey Jurgens's privacy interests. These

13 documents record numerous medical and psychological examinations and diagnoses, and their

14 public disclosure would unnecessarily broadcast detailed, private, and sensitive information about

15 Jeffrey Jurgens's mental and physical health. *See, e.g.*, *Eugene S. v. Horizon Blue Cross Blue*

16 *Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (applying the standard that a proponent

17 of a request to seal must "articulate a real and substantial interest that justifies depriving the

18 public of access to the records that inform our decision-making process" and finding documents

19 containing personal and private medical information may be filed under seal); *San Ramon Reg'l*

20 *Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-02258, 2011 WL 89931, at *1 (N.D. Cal. Jan.

21 10, 2011) (*sua sponte* sealing confidential medical records presented in the context of a motion to

22 dismiss). The request to file under seal is granted.

23 III.   <u>MOTION TO APPOINT A GUARDIAIN AD LITEM</u>

24      Federal Rule of Civil Procedure 17(c) requires a court to appoint a guardian ad

25 litem or take "whatever measures it deems proper to protect an incompetent person during

26 litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State*

27 *of Wash. (Acres)*, 795 F.2d 796, 805 (9th Cir. 1986). The court is under a "legal obligation" to

28 consider whether an incompetent person is adequately protected. *Id.* "The obligation of the court

1    to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until after a determination of

2    incompetence has been made by the court in which the issue is raised." *Forte v. Cnty. of Merced,*

3    No. 11-0318, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (citing *Ferrelli*, 323 F.3d at

4    201).

5           A person's capacity to sue is measured by the standard of the law of his domicile,

6    Fed. R. Civ. P. 17(b)(1), here California state law, but federal law governs questions of

7    appropriate procedure, *Estate of Escobedo v. City of Redwood City*, No. 03-03204, 2006 WL

8    571354, at *7–9 (N.D. Cal. Mar. 2, 2006) (citing, *inter alia*, *Gibbs v. Carnival Cruise Lines*, 314

9    F.3d 125, 134–35 (3rd Cir. 2002) and *M.S. v. Wermers*, 557 F.2d 170, 174 n.4 (8th Cir. 1977)).

10   "In California, a party is incompetent if he or she lacks the capacity to understand the nature or

11   consequences of the proceeding, or is unable to assist counsel in the preparation of the case."

12   *Golden Gate Way*, 2012 WL 4482053, at *2 (citing, inter alia, *In re Jessica G.*, 93 Cal. App. 4th

13   1180, 1186 (2001) and *In re Sara D.*, 87 Cal. App. 4th 661, 666–67 (2001)).  In most cases, a

14   guardian will not be appointed for an adult unless the person gives consent or upon notice and a

15   hearing.  *See, e.g.*, *Golden Gate Way, LLC v. Stewart*, No. 09-04458, 2012 WL 4482053, at *3

16   (N.D. Cal. Sept. 28, 2012); *Sturdza v. United Arab Emirates*, 562 F.3d 1186, 1188 (D.C. Cir.

17   2009).

18          Here, the court concludes Jeffrey Jurgens lacks the capacity to understand the

19   nature and consequences of the proceeding and is unable to assist counsel in the preparation of

20   this case.  First, he was recently found not guilty by reason of insanity in state criminal

21   proceedings.  This determination is not alone a sufficient indication of his competency, but is

22   relevant nonetheless.  *See* Prev. Order at 4–5 (citing *Massie ex rel. Kroll v. Woodford*, 244 F.3d

23   1192, 1198 (9th Cir. 2001) and *Hoang Minh Tran v. Gore*, No. 10CV2682, 2013 WL 878771, at

24   *5 (S.D. Cal. Mar. 8, 2013)).  Second, the court has reviewed the medical records attached to his

25   motion, which contain detailed and recent discussions of his mental condition.  This evidence

26   supports the conclusion that he would not be able to meaningfully consult with an attorney and

27   understand this case.

28

1    The evidence submitted with Jeffrey Jurgens's motion also shows that he knows

2  his mother wishes to serve as his guardian in this case and that he consents to her appointment.

3  His declaration, his attorney's presence at the time he gave consent, and his father's consent are

4  evidence his decision is voluntary.  The court is also satisfied that given Ms. Jurgens's

5  relationship to Jeffrey Jurgens and her work experience with mentally ill patients, she is qualified

6  to serve as Jeffrey Jurgens's guardian ad litem and advance his interests in this case.

7  IV.    <u>CONCLUSION</u>

8    The request to file Exhibit B to the motion to appoint a guardian ad litem is

9  GRANTED.

10    The motion to appoint a guardian ad litem is GRANTED.  Joanna Jurgens is

11  appointed as Jeffrey Jurgens's guardian ad litem.

12    This order resolves ECF No. 18.

13    IT IS SO ORDERED.

14  DATED:  October 16, 2015.


_____
UNITED STATES DISTRICT JUDGE