James J. McGarry, Esq. - SBN 92856
jamesjmcgarry@mcgarrylaufenberg.com
**McGARRY & LAUFENBERG**
615 Nash Street, Suite 305
El Segundo, California  90245

(310) 606-8675

Attorneys for Defendants, Officer Matt Dubendorf, Officer Billy J. Saukkola, Officer Stephen Newman and Officer Kevin White

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JEFFREY A. JURGENS, JR., | 2:14-cv-02780 KJM DB |
| Plaintiff, | |
| v. | **STIPULATION AND PROTECTIVE ORDER** |
| California Highway Patrol Officer M. DUBENDORF (Badge #18286), in his individual capacity; California Highway Patrol Officer S. NEWMAN (Badge #18425); California Highway Patrol Officer BILLY J. SAUKKOLA (Badge #18291); California Highway Patrol Officer K. WHITE (Badge #18424); California Highway Patrol Sergeant S.A. DURYEE (Badge #15584); and Does 1-10, | |
| Defendants. | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**1 - STIPULATION FOR AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between the parties, through their respective counsel, that the Court may enter the following protective order:

1. Application. The terms of this order apply to: (1) investigative reports, photographs video and audio tapes or other materials produced during discovery which contain official, private, confidential or personal information that cannot be readily redacted, (2) plaintiff's medical records and; (3) any other materials that the parties agree may be covered by this order. This material will be collectively referred to as "confidential material" throughout the remainder of this document. It is the obligation of the party producing confidential material to identify such materials at the time of production. "Designating party" is defined as a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2. Permissible use of confidential material. Counsel for the parties may not use confidential material, or any document derived from or based on such material, such as an

2 - STIPULATION FOR AND PROTECTIVE ORDER

expert report (hereinafter "derivative material"), for any purpose other than the conduct of this litigation.

3. Duplication of confidential material. Counsel for the parties may make only one copy of any confidential or derivative material.

4. Disclosure of confidential material to plaintiffs. Counsel for the plaintiffs may disclose confidential or derivative material to the plaintiff's Guardian Ad Litem Joanna Jurgens.

5. Permissive disclosure of confidential material to specific individuals and entities. Counsel for the parties may disclose confidential or derivative material only to (a) the Court, including any courtroom personnel; (b) the paralegal and clerical staff employed by counsel for the plaintiffs, if such disclosure is necessary to the conduct of the litigation; (c) any experts or consultants (together with their clerical staff) that counsel for the parties retain to assist in the prosecution of this action; (d) any court reporter responsible for recording or transcribing any proceeding in this action; (e) any witness at any deposition or other reported proceeding in this action; (f) mediators or arbitrators and their staff; and

3 - STIPULATION FOR AND PROTECTIVE ORDER

(g) any other person to whom the designating party agrees in writing it may be disclosed. Counsel for the parties shall not disclose confidential or derivative material to any of the above individuals (excluding the Court and courtroom personnel) until counsel for the parties has explained to that person the obligations created by this protective order and obtained that person's agreement to abide by the contents of this protective order. Nothing in this paragraph imposes any restrictions on the use or disclosure by counsel for the parties of any material obtained independent of discovery in this action, whether or not such material is also obtained through discovery in this action.

6. Use of confidential material at depositions. Counsel for the parties may present confidential information to witnesses at depositions, and examine them concerning that confidential information, only after explaining to the witness on the record that the information is confidential and subject to this protective order, and only after the witness agrees to abide by the terms of this protective order and maintain the confidentiality of the information per the terms of the order. No witness may leave any deposition with any confidential or

**4 - STIPULATION FOR AND PROTECTIVE ORDER**

derivative material that was disclosed to that witness during that deposition. If a witness testifies concerning confidential information at a deposition, that testimony will be treated as confidential information. Counsel for the designating party shall make arrangements with the court reporter transcribing the deposition to separately bind any portions of the transcript containing information designated as confidential, and to label those portions appropriately.

    7.   Use of confidential material in open court. Counsel for either party may not use any confidential or derivative material in open court for any purpose without first having provided reasonable notice of such intent to opposing counsel so that opposing counsel may object or move in limine to exclude such evidence, if appropriate, prior to it being used in open court.

    8.   Filing of confidential material. Counsel for either party may not file any confidential or derivative material without first having provided notice of such intent to opposing counsel so that opposing counsel may seek the court's permission for the material to be filed under seal, pursuant to Civil Local Rule 141. If either party's request to

5 - STIPULATION FOR AND PROTECTIVE ORDER

file confidential material under seal pursuant to Civil Local Rule 141 is denied by the court, then the information may be filed in the public record unless otherwise instructed by the court.

9. Destruction of confidential material. At the conclusion of this litigation, counsel for the parties shall return all confidential and derivative materials to the designating party, or shall certify to the designating party that all such materials have been destroyed.

10. Further orders. The foregoing is without prejudice to the right of any party: (a) to apply to the Court for a further or different protective order covering any material to be produced in this litigation; (b) to apply to the Court for an order removing the confidential designation from any material; (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order; and (d) to object to the production of privileged or private information.

11. Term. This order shall remain in effect after the termination of this litigation and the Court shall retain

**6 - STIPULATION FOR AND PROTECTIVE ORDER**

jurisdiction to resolve any dispute arising out of this order.

SO STIPULATED:

DATED: September 19, 2016 **McGARRY & LAUFENBERG**

                         /s/ *James J. McGarry*
                         JAMES J. McGARRY
                         Attorneys for Defendants,
                         Officer Matt Dubendorf, Officer
                         Billy J. Saukkola, Officer
                         Stephen Newman and Officer
                         Kevin White

DATED: September 16, 2016 **WEINER MARTINEZ, LLP**

                         */s/Beau Daniel Weiner*
                         BEAU D. WEINER
                         Attorneys for Plaintiff,
                         Jeffrey A. Jurgens, Jr.

DATED: September 19, 2016
                         /s/ *Kevin W. Reager*
                         KEVIN W. REAGER
                         Attorneys for Defendant,
                         CALIFORNIA HIGHWAY
                         PATROL Capt. S. DURYEE

**<u>ORDER</u>**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the

**7 - STIPULATION FOR AND PROTECTIVE ORDER**

court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or other authority for sealing*, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b) (emphasis added).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016), petition for cert. filed, ___ U.S.L.W. ___ (U.S. March 24, 2016) (No. 15-1211); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

/////

/////

/////

**8 - STIPULATION FOR AND PROTECTIVE ORDER**

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated:  September 26, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.civil\jurgens2780.stip.prot.ord

**9 - STIPULATION FOR AND PROTECTIVE ORDER**