UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. JURGENS, JR., | No. 2:14-cv-02780-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| M. DUBENDORF, et al., | |
| Defendants. | |

After relying on a paper-based calendaring system for over three decades, defendants' counsel missed expert discovery deadlines in this case due to a clerical error. Defendants' counsel immediately took steps to provide plaintiff with his clients' expert reports, but the cut-off for all expert discovery has passed and defendants now move the court to deem timely their expert disclosures. Mot., ECF No. 44. Plaintiff opposes and asks for complete exclusion of defendants' experts. Opp'n, ECF No. 45. Because the court finds defendants' delay constitutes excusable neglect, the court GRANTS defendants' motion and modifies the scheduling order to permit the parties' completion of expert discovery.

/////

/////

/////

/////

1

I.    BACKGROUND

Plaintiff filed this case on November 26, 2014.  Compl., ECF No. 1. On October 16, 2015, the court issued a pretrial scheduling order, which it modified on September 9, 2016, based on the parties' stipulation.  Scheduling Order, ECF No. 23; Am. Scheduling Order, ECF No. 32.  The amended scheduling order sets the following deadlines relevant here: expert witness disclosures due by January 3, 2017; supplemental expert disclosures due by January 24, 2017; and expert discovery cut-off on February 17, 2017.  Am. Scheduling Order at 2.  The court also set dispositive motions to be heard by March 10, 2017, scheduled trial for August 7, 2017, and noted that "no further extensions of time will be granted absent extraordinary circumstances." *Id.*

On January 3, 2017, plaintiff timely disclosed his three initial expert witnesses and filed an expert report for each witness.  ECF No. 37; Opp'n at 2.  Defendants missed the January 3 deadline, a fact defendants' counsel, James McGarry, realized only upon reviewing his receipt of plaintiff's filing the next morning.  McGarry Decl. at 3, ECF No. 44-2.  McGarry had shared the modified scheduling order with his legal secretary, but she inadvertently did not record the discovery deadlines in their master calendar.  *Id.* at 2; Gonzalez Decl. at 2, ECF No. 44-1.  As a result, McGarry was not reminded of the expert deadlines when they came up.  McGarry Decl. at 4; Gonzalez Decl. at 3.

After learning of his mistake, counsel immediately took steps to address the error. McGarry spoke with plaintiff's counsel and provided plaintiffs with the names of defendants' three experts.  *See* McGarry Decl. at 4–5.  Defendants produced the full reports of the three experts over the coming weeks.  They produced one on January 24 and the other two on February 3.  McGarry Decl. at 5.  January 24 was the day of the rebuttal expert disclosure deadline.  February 3 was after all disclosure deadlines but about two weeks before the close of expert-related discovery.  Plaintiff's counsel has decided not to depose any of defendants' experts.

The parties repeatedly met and conferred about defendants' untimely disclosures, but could not come to an agreement on the admissibility of defendants' expert evidence.

1  Defendants originally noticed this motion for hearing before the magistrate judge assigned to this

2  case, ECF No. 41, but the court instructed defendants to re-notice the motion for hearing before

3  the undersigned, ECF No. 43, and defendants re-filed the operative motion on March 9, 2017.

4  Mot.  On April 3, 2017, the court submitted the matter without oral argument.  ECF No. 47.

5  II.    STANDARD

6          As a threshold matter, the parties dispute whether Federal Rule of Civil Procedure

7  6 or 37 provides the standard applicable to defendants' motion.  Sanctions for untimely discovery

8  disclosures ordinarily fall under Rule 37, which provides "[i]f a party fails to . . . identify a

9  witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

10  witness . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).

11  Rule 26(a)(2) in turn requires a party disclose the identities and reports of its experts "at the times

12  and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).

13          However, Rule 6 contains an exception to the timing requirements of the other

14  Federal Rules and this court's scheduling order.  Under Rule 6(b), "[w]hen an act may or must be

15  done within a specified time, the court may, for good cause, extend the time . . . on motion made

16  after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P.

17  6(b)(1).  This rule also lists exceptions when a court "must not extend the time to act," most of

18  which involve post-judgment relief and none of which are relevant here.  Fed. R. Civ. P. 6(b)(2).

19  The rule's language is broad, covers any "act [that] may or must be done within a specified time,"

20  and does not exclude discovery disclosures from its operation.  The advisory committee notes

21  further emphasize Rule 6(b)'s broad reach:  "Rule 6(b) is a rule of general application giving

22  wide discretion to the court to enlarge [the Rules'] time limits or revive them after they have

23  expired."  Fed. R. Civ. P. 6 (1946 advisory committee notes).

24          Though the Ninth Circuit has not directly addressed the applicability of Rule 6(b)

25  to expert disclosures under Rule 26, it has recognized how Rule 6(b) can interact with and expand

26  other Federal Rules.  *See, e.g.*, *Zanowick v. Baxter Healthcare Corp.*, 15-56034, 2017 WL

27  929203, at *2 (9th Cir. Mar. 9, 2017) ("[Rule 6(b)] works in conjunction with Rule 25(a)(1) to

28  provide the intended flexibility in enlarging the time for substitution").  And other courts have

3

specifically applied Rule 6(b) to discovery-related issues before turning to Rules 26 or 37. *See, e.g.*, *Colony Apartments v. Abacus Project Mgt., Inc.*, 197 F. App'x 217, 223 (4th Cir. 2006) (applying Rule 6(b) standard to plaintiff's motion, untimely under Rule 26, for leave to file supplemental expert disclosures); *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (holding that a trial court may extend time for response to interrogatories under Rule 6(b) or otherwise issue sanctions under Rule 37); *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 545 (D.N.M. 2011) (granting plaintiff's request to modify scheduling order because plaintiff showed excusable neglect under Rule 6(b) in failing to meet the expert disclosure deadline); *Montano v. Solomon*, 2:07-CV-0800 KJN P, 2010 WL 4137476, at *3 (E.D. Cal. Oct. 19, 2010) (analyzing defendant's untimely propounding of interrogatories under Rule 6(b)); *see also Los Feliz Ford, Inc. v. Chrysler Grp., LLC*, CV1006077GAFMANX, 2012 WL 12886961, at *1 (C.D. Cal. Apr. 23, 2012) (explaining that scheduling orders may be modified after the relevant time period has expired only if party failed to act because of "excusable neglect" under Rule 6(b)); *but see Gurvey v. Legend Films, Inc.*, 09-CV-942-AJB BGS, 2011 WL 3241832, at *1 (S.D. Cal. July 29, 2011) (requiring a party must show both "good cause" and "excusable neglect" under Rule 6(b) and that the party's failure was either "substantially justified" or "harmless" under Rule 37(c)).

In light of Rule 6(b)'s expansive language, and the overwhelming authority that applies Rule 6(b) to the discovery deadlines created by the other Federal Rules, this court finds that Rule 6(b) provides the applicable standard to analyze defendants' motion. Accordingly, only if defendants do not satisfy Rule 6(b)'s requirements will the court turn to consider sanctions under Rule 37. *See Geiserman*, 893 F.2d 793 (suggesting this order of operations).

As indicated above, under Rule 6(b) a court may "for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Supreme Court addressed the meaning of "excusable neglect," a phrase that appears in many contexts, in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). There, the Court resolved a circuit split and held "neglect" embraced a failure to act "caused by inadvertence, mistake, or carelessness"

4

and not just "by intervening circumstances beyond the party's control." *Id.* at 388. The Court next found that whether an omission was "excusable" was an equitable determination, to be made "taking account of all relevant circumstances." *Id.* at 395. The Ninth Circuit has recognized the following factors as relevant in making this equitable determination: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer*, 507 U.S. at 395); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (holding that a district court abuses its discretion by failing to engage in this four-factor test or at least the "equitable analysis" captured by the test); *Pincay*, 389 F.3d at 860 (Berzon, J., concurring) ("*Pioneer* . . . indicates that a district court may find neglect 'excusable' if it is caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason—even if no decent lawyer would have made that error.").

Rule 6 requires a movant not only show "excusable neglect," but also "good cause." Fed. R. Civ. P. 6; *Warkentin v. Federated Life Ins. Co.*, 594 F. App'x 900, 901 (9th Cir. 2014) (stating that movant must meet both requirements). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d at 1259 (9th Cir. 2010); *see also Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir. 2004) ("There is no precise formula for the 'good cause' analysis."); *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989) (explaining good cause is a "liberal" standard); *Stark-Romero*, 275 F.R.D. at 547 ("Showing good cause is not . . . particularly demanding . . . ."). "This rule, like all the Federal Rules of Civil Procedure, '[i]s to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian*, 624 F.3d at 1258–59 (alteration in original) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

/////

/////

/////

1   III.     <u>DISCUSSION</u>

2       A.     <u>Excusable Neglect</u>

3         The court addresses each of the four factors identified in *Pioneer* to determine

4 whether defendants acted with "excusable neglect."

5       1.     <u>Danger of prejudice</u>

6         In this case, neither party addresses the dispositive motion hearing deadline that

7 passed on March 10, and neither party claims it was prejudiced with respect to the filing of such

8 motions. There is still time for the parties to complete expert discovery in anticipation of the trial

9 currently calendared for August 7,[1] and additional weeks of delay to complete expert discovery

10 do not by themselves create prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th

11 Cir. 2000).

12         The court recognizes defendants might have gained a slight advantage by having

13 seen plaintiff's expert reports first. *See Lefay v. Lefay*, 1:13-CV-01362 AWI, 2014 WL 6473725,

14 at *6 (E.D. Cal. Nov. 18, 2014) ("Where ones party's expert has the benefit of reviewing an

15 opposing party's expert report before having to prepare his or her own, there necessarily is

16 prejudice."). But such an advantage can be blunted by giving plaintiff more time to depose

17 defendants' experts, if he chooses, and to produce plaintiff's rebuttal expert reports. *See id.* at *7

18 (deeming defendants' expert reports timely so long as the experts were made available to

19 plaintiff's counsel). Granting defendants relief will leave the parties in substantially the same

20 position as if defendants had filed the expert reports just three to four weeks sooner. Moreover, to

21 the extent that prejudice to the movant is relevant to the instant motion, this factor favors

22 defendants; unless the court grants some relief, defendants will be deprived of all three experts in

23 litigating their case. On balance, this factor favors defendants.

24       2.     <u>Length of delay and impact on proceedings</u>

25         Defendants reached out to plaintiff the day after missing the initial deadline here,

26 sent initial albeit incomplete disclosures to plaintiff a few days later, and disclosed full reports

27 _____

28       [1] The trial date will be addressed and a firm date confirmed at the final pretrial conference.

from all experts within a month.  McGarry Decl. at 4–5.  Although defendants waited a little over a month to file this motion with the court, defendants' counsel met and conferred with plaintiff's counsel during that time.  Mot. Exs. 9–10.  This delay was relatively short and will not significantly impact the proceedings.  In light of defendants' efforts to reach an agreement with plaintiff, a month's time was sufficiently prompt under Rule 6(b).  *See Bateman*, 231 F.3d at 1225 (finding that filing of a Rule 60(b) motion, which similarly requires "excusable neglect," one month after order in question was "not long enough to justify denying relief").  Thus, this factor also favors defendants.

### 3.    Reason for the delay

The third *Pioneer* factor directs the court to weigh the reason for the delay, including whether it was within the reasonable control of the movant.  This is not a case where a movant offers no explanation for the delay.  *Cf. Medina v. Wells Fargo Bank, N.A.*, 216CV00532ODWMRWX, 2016 WL 2944295, at *2 (C.D. Cal. May 20, 2016) ("Plaintiff's counsel gives no reason for his failure to timely oppose Defendant's Motion other than that he simply did not calendar its due date.").  Instead, defendants explain in detail a typically reliable calendaring system, implemented faithfully by attorneys and clerical staff at counsel's office, which failed in this one instance.  McGarry Decl. at 2–4; Gonzalez Decl. at 2–3.  McGarry shared the court's scheduling order with his assistant, and it was through some inadvertent error that the relevant deadlines did not make it into their master calendar.  *Id.*  Although the court could imagine additional steps counsel could have taken to provide redundancy and ensure compliance with the court's deadlines, counsel exercised sufficiently reasonable control to prevent the delay.

These facts are at least as sympathetic as those discussed in *Pincay*, where the Ninth Circuit affirmed a district court's finding of "excusable neglect" based on a paralegal's misreading of a rule governing a filing deadline.  389 F.3d at 855.  In *Pincay*, the Ninth Circuit found that the district court did not abuse its discretion in granting relief due to "a lawyer's failure to read an applicable rule," which "is one of the least compelling excuses that can be offered."  *Id.* at 859.  On the one hand, this case does not present the life-threatening emergencies that courts have found sufficient to support this factor.  *See, e.g.*, *Bateman*, 231 F.3d at 1222–23 (counsel

7

1  was required to travel to Africa due to a family emergency); *Lemoge v. United States*, 587 F.3d

2  1188, 1197 (9th Cir. 2009) (counsel failed to timely serve a complaint in part because he had

3  severe medical complications from a staph infection that required him to undergo "three

4  surgeries, skin grafts, extensive therapy, and a full regimen of medications"). But this factor does

5  not require such dramatic circumstances. *See, e.g.*, *Pioneer*, 507 U.S. at 398 (excusable neglect

6  where counsel failed to file timely proof of claim because, contrary to usual practice, notice of the

7  deadline was placed in an inconspicuous area of the notice sent to creditors); *In re Zilog, Inc.*,

8  450 F.3d 996, 1007 (9th Cir. 2006) (same). This factor favors defendants.

9          4.    Good faith

10         Defendants assert they have proceeded in good faith, Mot. at 4, plaintiffs

11  acknowledge defendants' lack of bad faith, Opp'n at 8, and the court finds no evidence of bad

12  faith. Thus, this final factor also favors granting defendants' request.

13         In sum, after applying *Pioneer*'s four-factor test, and considering the "equitable

14  analysis" it facilitates, the court finds defendants' neglect was excusable because "it [was] caught

15  quickly, hurt[] no one, and [was] a real mistake, rather than one feigned for some tactical reason."

16  *Pincay*, 389 F.3d at 860. Defendants also establish "good cause" for relief.

17         The court GRANTS defendants' motion under Rule 6(b) and deems timely the

18  three defense expert reports.

19      B.    Scheduling order

20         As indicated above, the scheduling order can be amended to prevent any prejudice

21  to plaintiff, and thus the court next considers what modifications to the scheduling order are

22  appropriate to do so. The court sees no need to provide additional time for initial expert

23  disclosures, but the court modifies the scheduling order to provide the parties more time to

24  disclose rebuttal expert reports and to depose experts. Accordingly, the parties shall have through

25  June 9, 2017 to make supplemental expert disclosures and through June 30, 2017 to complete all

26  expert-related discovery. The joint pretrial statement shall now be due on July 21, 2017, and the

27  final pretrial conference is rescheduled for August 11, 2017, at 10 a.m. At the final pretrial

28  conference, the court will confirm a trial date and set a deadline for the parties' trial briefs. All

other provisions of the court's prior scheduling orders remain in effect. *See* Scheduling Order, ECF No. 23; Am. Scheduling Order, ECF No. 32.

IV.     CONCLUSION

The court GRANTS defendants' motion to deem its three expert reports timely.

The court MODIFIES the scheduling order as follows:  Supplemental expert disclosures due by June 9, 2017; expert discovery cut-off extended to June 30, 2017; joint pretrial statement due by July 21, 2017; and final pretrial conference set for August 11, 2017, at 10 a.m.

This order resolves ECF No. 44.

IT IS SO ORDERED.

DATED:  May 19, 2017.

_____
UNITED STATES DISTRICT JUDGE