UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. JURGENS, JR., | No. 2:14-cv-02780-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| M. DUBENDORF, et al., | |
| Defendants. | |

Plaintiff Jeffrey Jurgens, Jr., by and through his biological mother and guardian ad litem, Joanna Jurgens, brings this excessive force civil rights action against several law enforcement officers. Just days before the final pretrial conference, and after significant discovery, the parties settled. Plaintiff now moves for approval of the settlement and requests the court establish a special needs trust to maintain Jeffrey Jurgens' eligibility for public benefits. The motion is unopposed. After holding a hearing on March 23, 2018, and for the following reasons, the court GRANTS both motions.

I. BACKGROUND

Plaintiff Jeffrey Jurgens, Jr. ("Jurgens") was diagnosed with bipolar and schizoaffective disorder at age 14. Mot., ECF No. 58 at 5. On December 10, 2012, when Jurgens was 21 years old, California Highway Patrol Officers Saukkola and White observed Jurgens driving the wrong way down a one-way street. *Id.* A high-speed chase followed. *Id.* The pursuit

ended when Jurgens drove down a dead end road and stopped his car. *Id.* Jurgens then opened his driver side door while keeping his feet in the car and raising his hands. *Id.* The officers approached with their guns drawn. *Id.* Officer Saukkola kicked Jurgens in the face. *Id.* Officer White began striking Jurgens with his baton. *Id.* Two other officers, Newman and Dubendorf, arrived and "join[ed] in." *Id.* The officers pulled Jurgens from his car by his feet and continued to strike him with their batons, knees and feet as Jurgens tried to shield his head with his arms. *Id.* White struck Jurgens at least 23 times with his baton. *Id.* At the end of the incident, White and Saukkola high-fived. *Id.* Jurgens indicates the entire incident was captured on the officers' mobile video and audio recording system. *Id.* Jurgens was then arrested and booked. *Id.* at 6. After Jurgens spent 79 days in custody, the district attorney dropped all charges and the case was dismissed. *Id.*

In addition to suffering a fractured hand, Jurgens sustained lacerations to his head, a concussion, loss of consciousness and mild traumatic brain injury. *Id.* He has since suffered from cognitive impairment, memory problems and psychological trauma, all of which impair his overall ability to function independently and care for himself. *Id.*

Following significant pre-litigation investigation efforts and settlement discussions, Jurgens filed suit on November 26, 2014, alleging excessive force under 42 U.S.C. § 1983. *See* ECF No. 1; *see also* Mot. at 6 (describing pre-litigation investigation efforts). The case proceeded through extensive fact and expert discovery. Mot. at 7. Just days before the pretrial conference, after discovery ended and counsel had begun preparing for trial, the parties settled. *Id.* Jurgens now moves for approval of the settlement agreement and an order establishing a special needs trust. *See* Pet., ECF No. 61. The court submitted the motions after hearing on March 23, 2018, ECF No. 72 (hr'g mins.) and resolves them here.

II.  LEGAL STANDARD

District courts have a duty to protect the interests of litigants who are minors or incompetent. *See* Fed. R. Civ. P. 17(c)(2) (requiring a district to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). This special duty requires a district court to "conduct its own inquiry to determine

whether the settlement serves the best interests of the [plaintiff]." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* E.D. Cal. L. R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.").

The Ninth Circuit has instructed district courts to "limit the scope of their review to the question whether the net amount distributed to each minor [or incompetent] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82; *see Smith v. City of Stockton*, 185 F. Supp. 3d 1242, 1243–44 (E.D. Cal. 2016) (applying *Robidoux* standard where plaintiff was an adult with disabilities). The court must "evaluate the fairness of each [incompetent] plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1182.

III. DISCUSSION

    A. Fair and Reasonable

The proposed settlement is fair and reasonable, as explained below. Defendants agree to pay Jurgens $999,999.00. Mot. at 9. Jurgens' counsel requests a 40 percent contingency fee totaling $399,999.00, as set forth in Jurgens' contingency fee retainer agreement. *Id.*; Martinez Decl., ECF No. 59 ¶ 4. Counsel advanced litigation costs of $127,905.63 on Jurgens' behalf, including the cost of establishing a special needs trust. Martinez Decl. ¶ 5; Ex. A, Martinez Decl. (itemization of costs). If approved, the net settlement amount to Jurgens will be $472,094.37. Mot. at 9.

The facts of this case confirm the proposed settlement is fair and reasonable. The parties litigated for nearly three years. *See* ECF No. 1 (complaint filed Nov. 26, 2014). This settlement, reached on the eve of trial, spares Jurgens the time, cost and risk of trial. *See, e.g.*, Mot. at 7 (noting Jurgens' counsel retained four experts to testify on his behalf at trial). In addition, Jurgens' guardian ad litem approves of the proposed 40 percent contingency fee and

Jurgens' net recovery, further supporting finding the sum fair and reasonable. *See* Joanna Jurgens Decl., ECF No. 62 ¶¶ 12, 17.

The court has also considered "recovery in similar cases," which confirm the net settlement here is reasonable in light of Jurgens' injuries and the facts of this case. *See Robidoux*, 638 F.3d at 1181. For example, in the recent *Smith* case, a police officer tackled and restrained an adult with developmental disabilities, without cause. 185 F. Supp. 3d at 1243. The officer then sicced a police dog on the plaintiff before arresting him and taking him to jail. *Id.* Plaintiff broke two teeth and suffered extensive bite marks on his arms, legs and torso, as well as lasting emotional injuries including a "deep fear" of local police. *Id.* The court approved a gross settlement of $280,000, with plaintiff recovering a net settlement of $165,721.88. *Id.* at 1244. Here, Jurgens' $472,094.37 net recovery significantly exceeds that of the plaintiff in *Smith*. Further, the court finds *Smith* sufficiently analogous to support the court's determination that the settlement in this case is fair and reasonable. Jurgens' motion for approval of the settlement agreement is GRANTED.

B.  Preservation of Eligibility for Need-Based Benefits

Jurgens currently is entitled to receive "needs based" Supplemental Security Income ("SSI") benefits from the Social Security Administration and Medi-Cal. Pet. at 1-2. Should Jurgens receive the settlement funds directly, he will be ineligible for SSI payments and Medi-Cal benefits. SNT Pet. at 2; *see* 20 C.F.R. § 416.202(c)-(d); Cal. Code Regs., tit. 22 §§ 50513, 50515 and 50517. Under certain circumstances, placing permitted assets in a special needs trust allows an SSI beneficiary to maintain eligibility for benefits. SNT Pet. at 3; *see* 42 U.S.C. § 1396p(d)(4)(A); Cal. Prob. Code § 3604(b).

Jurgens submits a proposed special needs trust, ECF No. 65, and the declaration of Juliette Robertson, an attorney focused on assisting individuals with disabilities in estate and settlement planning, ECF No. 63 ¶ 1. Robertson charged a flat fee of $2,500 to draft the special needs trust documents. *Id.* ¶ 3. Her declaration confirms the trust complies with all legal requirements. *See generally id.* The trust designates Deryk Walcott, a professional trustee, as the
/////

initial trustee. Pet. at 3. Walcott is a California licensed professional fiduciary who has worked with several special needs trust beneficiaries in the past. *Id.* at 4.

        C.     <u>State Hospitals Bill</u>

After Jurgens filed this petition, Jurgens' counsel notified the court that Jurgens received a $579,554.90 patient bill from the Department of State Hospitals for medical treatment "completely unrelated to the incident giving rise to this civil rights suit." ECF No. 67 ¶¶ 3-5. Jurgens' supplemental brief confirms the bill is not a "statutory lien" that must be satisfied before funding the special needs trust and therefore poses no relevant impediment to the requested action here. *See* ECF No. 74 (citing California Probate Code § 3604(d)).

The court finds good cause to allow Jurgens' net settlement proceeds be distributed to a special needs trust. The petition is GRANTED.

IV.    <u>CONCLUSION</u>

As explained above, the court finds the proposed settlement and special needs trust serve Jurgens' best interests. The court therefore GRANTS the motions to approve settlement and establish a special needs trust and further ORDERS as follows:

1. The Court authorizes the establishment of the Jeffrey A. Jurgens, Jr., Special Needs Trust, which Joanna Jurgens shall execute as Settlor;
2. The Trust shall be under the continuing jurisdiction of the Sacramento County Probate Court as the principal place of administration;
3. Deryk Walcott, CLPF, shall serve as the initial Trustee with bond to be filed in the amount required by California Rules of Court 7.207;
4. Defendants will pay the entirety of the settlement proceeds ($999,999.00) to "Weiner Martinez LLP Attorney-Client Trust Account" within 90 days of this order or within 90 days of defendants' receipt from Weiner Martinez LLP of a fully completed "Payee Data Record, STD 204," whichever date is later. If defendants are unable to comply with these time restrictions, the parties shall seek an extension and explain the basis for the delay before the 90-day period expires;

/////

5. Either Lilka B. Martinez or Beau D. Weiner will distribute the funds identified above from the Weiner Martinez LLP Attorney-Client Trust Account as follows:

    (a) $399,999.00 to Weiner Martinez, LLP for their fees;

    (b) $127,905.63 to Weiner Martinez, LLP for litigation costs; and

    (c) $472,094.37 to the Trustee of the Jeffrey A. Jurgens, Jr. Special Needs Trust; and

6. Upon payment of all sums due under this order, the parties shall promptly file a stipulation to dismiss the entire action with prejudice.

IT IS SO ORDERED.

Dated: April 26, 2018.

                                                    UNITED STATES DISTRICT JUDGE